Dear Mr. Hawkland:
In your correspondence to this office of recent date you ask whether or not R.S. 35:399 authorizes private and public colleges and universities to appoint ex-officio notaries for their campus police departments. R.S. 35:399 provides:
 § 399. Ex officio notaries for police departments
 A. Notwithstanding any provisions of the law relative to qualifications of notaries public, each chief of police may designate officers in his office and appoint them as ex officio notaries public.
 B. Each officer so appointed may exercise, in the municipality that the police department serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgements, and other documents, all limited to matters within the official functions of the police department for the enforcement of the provisions of any statute which provides for criminal penalties and of the municipal ordinances which the police department is charged with enforcing.
 C. Each ex officio notary public shall fulfill the same bond requirements as provided by law for notaries in the parish in which the municipality is located. The municipality shall pay as an expense of the office of the chief of police the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.
 D. All acts performed by each ex officio notary public authorized by this Section shall be performed without charge or other compensation.
 E. The chief of police may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employ of the police department shall automatically terminate the powers of the ex officio notary public. (Emphasis added).
It is the opinion of this office that R.S. 35:399 is applicable only to municipal police departments and not to campus police departments.
In accord is Attorney General Opinion 93-271, in which the author concluded that R.S. 35:399 does not provide authority for either town clerks or mayors to appoint ex officio notaries for their respective offices, and as applicable here, specifically determined that R.S. 35:399 "is applicable only to police departments and only for the purposes stated".
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
*1 OPINION NUMBER 93-271
APRIL 19, 1993
71 — MUNICIPALITIES 73 — NOTARIES — Appointments Qualifications R.S. 35:399
LSA-R.S. 35:399 does not provide authority for either town clerks or mayors to appoint ex officio notaries public for their offices.
Mr. Jerry L. Jones District Attorney 4th Judicial District Court Post Office Box 1079 Bastrop, Louisiana 71220
Dear Mr. Jones:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question, it as follows:
Do the provisions of LSA-R.S. 35:399, which authorizes each chief of police to designate officers in his office and appoint them as ex officio notaries public, apply to the office of the Town Clerk and the office of mayor?
Title 35 Sections 391 — 405 authorize a number of governmental units to designate and appoint ex officio notaries public, with limited powers, to conduct certain business within their offices.
It is the opinion of this office that the statute you have referenced, LSA-R.S. 35:399, is applicable only to police departments and only for the purposes stated. We find no authority in this statute, to authorize either municipal town clerks or mayors of municipalities to appoint ex officio notaries in and for their offices.
If you are aware of other mayors and town clerks who feel that there is a need for the authority to appoint ex officio notaries public within their offices, you may wish to seek legislative authorization to do so. Similar authority has been granted to police departments, the U.S. Forest Service, district hospitals, and other governmental agencies.
I trust that the foregoing adequately answers the question you have asked. If, however, additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2611s